**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **VESPER TECHNOLOGY RESEARCH, LLC**<br><br>*Plaintiff,*<br><br>v.<br><br>**CRESTRON ELECTRONICS, INC.,**<br><br>*Defendant.* | Civil Action No._____<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Vesper Technology Research, LLC ("Vesper" or "Plaintiff"), by and through its attorneys, brings this action and makes the following allegations of patent infringement relating to U.S. Patent No. 6,611,247 (the "'247 Patent" or "patent-in-suit"). Defendant Crestron Electronics, Inc. ("Crestron" or "Defendant") infringes the patent-in-suit in violation of the patent laws of the United States of America, 35 U.S.C. § 1 *et seq*.

### INTRODUCTION

1. Vesper pursues the reasonable royalties owed for Crestron's unauthorized use of patented groundbreaking technology related to the data transfer of a multi-level signal for providing display data to a display panel. Vesper was assigned the rights to these patented technologies by Himax Technologies Limited, a wholly-owned subsidiary of Himax Technologies, Inc. ("Himax").

2. Himax is a pioneering fabless semiconductor company that produces display and imaging processing technologies. Himax is a worldwide market leader in technology used in televisions, laptops, monitors, mobile phones, tablets, digital camera, car navigation, virtual reality devices, and a myriad of other consumer electronic devices.

3. Himax products have been key components of flat panel displays. Its products include display drivers for large-sized TFT-LCD panels used in televisions, desktop monitors

and notebook computers, as well as display drivers for small and medium-sized panels used in mobile handsets and consumer electronics products such as digital cameras, mobile gaming devices, and car navigation displays. In 2006, Himax became a publicly traded company on the NASDAQ Exchange. Himax supplies Google with liquid crystal on silicon displays for Google Glass, and in 2013 Google announced it would take a 6.3% stake in Himax Display, a subsidiary of Himax. Himax is also a major supplier of display technology for leading virtual reality companies such as Oculus, which was purchased by Facebook for $2 billion in 2014.

4. The U.S. Patent and Trademark Office has granted Himax more than 600 patents for Himax's innovative inventions.

## THE PARTIES

5. Vesper Technology Research, LLC ("Vesper") is a Texas limited liability company with its principal place of business located at 903 East 18th Street, Suite 216, Plano, Texas 75074.

6. Upon information and belief, Defendant Crestron is a New Jersey corporation with its principal place of business located at 22 Link Drive, Rockleigh, New Jersey 07647. Upon information and belief, Crestron may be served with process by serving its registered agent, Corporation Services Company DBA CSC-Lawyers, Inc., 211 E. 7th Street, Suite 620 Austin, TX 78701. Crestron conducts business and sells its products in this judicial district

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

8. Upon information and belief, this Court has personal jurisdiction over Crestron in this action because Crestron has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Crestron would not offend traditional notions of fair play and substantial justice.

Crestron, directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the patent-in-suit.

9. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b). Crestron is registered to do business in Texas, and upon information and belief, has transacted business in the Eastern District of Texas and has committed acts of direct and indirect infringement in the Eastern District of Texas.

### U.S. PATENT NO. 6,611,247

10. U.S. Patent No. 6,611,247 (the "'247 patent"), entitled "Data Transfer System and Method For Multi-Level Signal Of Matrix Display," was filed on July 1, 1999. Vesper is the owner by assignment of the '247 patent. A true and correct copy of the '247 patent is attached hereto as Exhibit A. The '247 patent claims specific methods and systems for transferring a multi-level signal for providing display data to a matrix display panel.

11. The '247 patent has been cited as relevant prior art by the following companies:

- NEC Electronics Corp.
- LG Philips LCD Co., Ltd.
- Intel Corp.
- Samsung Electronics, Co., Ltd.
- Novatek Microelectronics Corp.
- Renesas Technology, Corp.
- LG Display Co., Ltd.

### COUNT 1

### INFRINGEMENT OF U.S. PATENT NO. 6,611,247

12. Vesper references and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

13. Crestron designs, makes, uses, sells, and/or offers for sale in the United States products and/or services for transferring a multi-level signal for providing a display data to a matrix display panel.

14. More specifically, Crestron designs, makes, sells, offers to sell, imports, and/or uses products that provide a data transfer system for a multi-level signal for providing display data to a matrix display panel. These products include, by way of example only, the following: Crestron Switchers, including at least models: Crestron - DM-MD6x4 Matrix; Crestron - DM-MD6x6 Matrix; Crestron - DM-MD8x1-4K-C Matrix; Crestron – DMPS3-4K-100-C; Crestron - DMPS-100-C Matrix; Crestron - DMPS-200-C Matrix; Crestron - DMPS-300-C Matrix; Crestron - DMPS-300-C-AEC Matrix; Crestron - DMPS3-200-C Matrix; Crestron - DMPS3-300-C Matrix; and Crestron - DMPS3-4K-150-C Matrix; DM-MD8X8 with input/output cards including for example the DMC-4K-CO-HD output card, DM-MD-16X16 with input/output cards, including for example the DMC-4K-CO-HD output card; DM-MD32x32 with input/output cards, including for example the DMC-4K-CO-HD output card; DM-MD64X64 with input/output blades, including for example the DMB-4K-O-C blade; DM-MD128X128 with input/output blades, including for example the DMB-4K-O-C blade ("Crestron Switcher Products" or "accused products").

15. On information and belief, the Crestron Switcher Products are available to businesses and individuals throughout the United States.

16. On information and belief, the Crestron Switcher Products comprise a data transfer system for a multi-level signal for providing display data to a matrix display panel.

17. On information and belief, the Crestron Switcher Products have a multi-level timing controller for receiving a digital data input and converting it into a multi-level signal display output. For example, on information and belief, these products receive a digital data input such as an HDMI signal and use transmitter chips for video and signaling, controllers and data drivers for transmitting RGB signals, and PAM16 encoding, which convert input data into multi-level signal display output data.

18. On information and belief, the Crestron Switcher Products have a multi-level signal bus having a plurality of data lines, connected to said multi-level timing controller, for transferring said multi-level signal display data from said multi-level timing controller.

19. On information and belief, the Crestron Switcher Products have a multi-level input data driver connected to said multi-level signal bus, for receiving said multi-level signal display data input and converting it into a data driving signal to be outputted to said matrix display panel. For example, on information and belief, these products have a receiver used for video and signaling.

20. On information and belief, Crestron has directly infringed and continues to directly infringe the '247 patent by, among other things, making, using, offering for sale, and/or selling the Crestron Switcher Products.

21. By making, using, testing, offering for sale, and/or selling products and services, including but not limited to the Crestron Switcher Products, Crestron has injured Vesper and is liable to Vesper for directly infringing one or more claims of the '247 patent, including at least claim 1, pursuant to 35 U.S.C. § 271(a).

22. On information and belief, Crestron also indirectly infringes the '247 patent by actively inducing infringement under 35 USC § 271(b).

23. On information and belief, Crestron had knowledge of the '247 patent since at least service of this Complaint or shortly thereafter, and on information and belief, Crestron knew of the '247 patent and knew of its infringement, including by way of this lawsuit.

24. On information and belief, Crestron intended to induce patent infringement by third-party customers and users of the Crestron Switcher Products and had knowledge that the inducing acts would cause infringement or was willfully blind to the possibility that its inducing acts would cause infringement. Crestron specifically intended and was aware that the normal and customary use of the accused products would infringe the '247 patent. Crestron performed the acts that constitute induced infringement, and would induce actual infringement, with knowledge of the '247 patent and with the knowledge that the induced acts would constitute

infringement. For example, Crestron provides the Crestron Switcher Products that have the capability of operating in a manner that infringe one or more of the claims of the '247 patent, including at least claim 1, and Crestron further provides documentation and training materials that cause customers and end users of the accused products to utilize the products in a manner that directly infringe one or more claims of the '247 patent. By providing instruction and training to customers and end-users on how to use the Crestron Switcher Products in a manner that directly infringes one or more claims of the '247 patent, including at least claim 1, Crestron specifically intended to induce infringement of the '247 patent. On information and belief, Crestron engaged in such inducement to promote the sales of the accused products, e.g., through Crestron user manuals, product support, marketing materials, and training materials to actively induce the users of the Crestron Switcher Products to infringe the '247 patent.[1] Accordingly, Crestron has induced and continues to induce users of the Crestron Switcher Products to use the accused products in their ordinary and customary way to infringe the '247 patent, knowing that such use constitutes infringement of the '247 patent.

---

[1] *See, e.g.* http://www.crestron.com/products/model/dm-md6x4;
http://www.crestron.com/products/model/dm-md6x6;
https://www.crestron.com/products/model/DM-MD8X1-4K-C;
https://www.crestron.com/products/model/dmps3-4k-100-c;
https://www.crestron.com/products/model/DMPS-100-C;
https://www.crestron.com/products/model/DMPS-200-C;
http://www.crestron.com/products/model/DMPS-300-C;
https://www.crestron.com/products/model/DMPS-300-C-AEC;
https://www.crestron.com/products/model/DMPS3-200-C;
https://www.crestron.com/products/model/DMPS3-300-C;
http://www.crestron.com/products/model/DMC-4K-CO-HD;
https://www.crestron.com/products/model/dm-md8x8;
https://www.crestron.com/products/model/dm-md16x16;
https://www.crestron.com/products/model/dm-md32x32;
https://www.crestron.com/products/model/DMC-4K-C;
https://www.crestron.com/products/model/DMC-C;
https://www.crestron.com/products/model/DM-MD64X64;
https://www.crestron.com/products/model/DM-MD128X128;
https://www.crestron.com/products/model/DMB-4K-O-C;
https://www.crestron.com/products/model/DMB-4K-I-C;
http://www.crestron.com/downloads/pdf/product_misc/dg_crestron_digitalmedia.pdf.

25. To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '247 patent.

26. As a result of Crestron's infringement of the '247 patent, Vesper has suffered monetary damages, and seeks recovery in an amount adequate to compensate for Crestron's infringement, but in no event less than a reasonable royalty for the use made of the invention by Crestron together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vesper respectfully requests that this Court enter:

A. A judgment in favor of Plaintiff Vesper that Crestron has infringed, either literally and/or under the doctrine of equivalents, the '247 patent.

B. An award of damages resulting from Crestron's acts of infringement in accordance with 35 U.S.C. § 284;

C. A judgment and order finding that Defendant's infringement was willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or characteristic of a pirate within the meaning of 35 U.S.C. § 284 and awarding to Plaintiff enhanced damages.

D. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant.

E. Any and all other relief to which Vesper may show itself to be entitled.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Vesper requests a trial by jury of any issues so triable by right.

Dated: November 15, 2016

Respectfully submitted,

/s/ Eric B. Hanson_____
Elizabeth L. DeRieux (TX Bar No. 05770585)
D. Jeffrey Rambin (TX Bar No. 00791478)
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: 903-845-5770
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

Dorian S. Berger (CA SB No. 264424)
Daniel P. Hipskind (CA SB No. 266763)
Eric B. Hanson (CA SB No. 254570)
BERGER & HIPSKIND LLP
1880 Century Park East, Ste. 815
Los Angeles, CA 95047
Telephone: 323-886-3430
Facsimile: 323-978-5508
E-mail: dsb@bergerhipskind.com
E-mail: dph@bergerhipskind.com
E-mail: ebh@bergerhipskind.com

*Attorneys for Vesper Technology Research, LLC*